

UNITED STATES DISTRICT COURT
District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 16 2006

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

C.V. no. 01-00815 DAE-LEK

| | |
|---|---|
| Gregory Tapaoan<br><br>vs.<br><br>State of Hawaii | Motion of plaintiff Marty J. Martins requesting honorable Court to issue subpoenas for Claims Administrator Edridge Smith Esq. and also for U.S. District Court of Hawaii to release information and records in reguards to Case 01-00815 DAE-LEK, Gregory Tapaona Vs. State of Hawaii |

## Motion For Issuing Of Subpoena

Comes now plaintiff Marty Joseph Martins who moves this honorable Court to issue a subpoena for the release of all records and information reguarding case C.V. NO. 01-00815 DAE-LEK, Gregory Tapaona Vs State of Hawaii.

Court rule 1.4, "Communication", (A) and (B) stipulate that as a client my lawyer is oblidged to provide me with such information so I can "make informed decissions". I am providing a copy of Rule 1.4 (A) and (B) as well as a copy of a letter from the Case Administrator for case 01-00815 DEA-LEK in which my previously written requests for information and records was rejected and denied.

This motion is brought pursuant to Court Rule 1.4, (A) and (B).

Signed and dated in Watonga Oklahoma on 2/7/06.

Marty Joseph Martins

judicial or administrative proceeding that produced a result adverse to the client but has not been specifically instructed concerning pursuit of an appeal, the lawyer should advise the client of the possibility of appeal before relinquishing responsibility for the matter.

### Hawai'i Code Comparison

DR 6–101(A)(3) required that a lawyer not "[n]eglect a legal matter entrusted to him [or her]." EC 6–4 stated that a lawyer should "give appropriate attention to his [or her] legal work." Canon 7 stated that "a lawyer should represent a client zealously within the bounds of the law." DR 7–101(A)(1) provided that a lawyer "shall not intentionally ... [f]ail to seek the lawful objectives of [the lawyer's] client through reasonably available means permitted by law and the Disciplinary Rules...." DR 7–101(A)(3) provided that a lawyer "shall not intentionally ... [p]rejudice or damage his [or her] client during the course of the professional relationship...."

[Hawai'i Code Comparison amended effective November 18, 1994.]

## RULE 1.4  COMMUNICATION

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information. A lawyer who receives a written offer of settlement in a civil controversy or a proffered plea bargain in a criminal case shall promptly inform the client of its substance unless prior discussions with the client have left it clear that the proposal will be unacceptable.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

[Adopted effective January 1, 1994.]

### Comment

[1] The client should have sufficient information to participate intelligently in decisions concerning the objectives of the representation and the means by which the objectives are to be pursued, to the extent the client is willing and able to do so. For example, a lawyer negotiating on behalf of a client should provide the client with facts relevant to the matter, inform the client of communications from another party and take other reasonable steps that permit the client to make a decision regarding a serious offer from another party. A lawyer who receives an oral offer of settlement in a civil controversy or a proffered plea bargain in a criminal case should promptly inform the client of its substance unless prior discussions with the client have left it clear that the proposal will be unacceptable. See Rule 1.2(a). Even when a client delegates authority to the lawyer, the client should be kept advised of the status of the matter.

[2] Adequacy of communication depends in part on the kind of advice or assistance involved. For example, in negotiations where there is time to explain a proposal the lawyer should review all important provisions with the client before proceeding to an agreement. In litigation a lawyer should explain the general strategy and prospects of success and ordinarily should consult the client on tactics that might injure or coerce others. On the other hand, a lawyer ordinarily cannot be expected to describe trial or negotiation strategy in detail. The guiding principle is that the lawyer should fulfill reasonable client expectations for information consistent with the duty to act in the client's best interests and the client's overall requirements as to the character of representation.

[3] Ordinarily, the information to be provided is that appropriate for a client who is a comprehending and responsible adult. However, fully informing the client according to this standard may be impracticable, for example, where the client is a child or suffers from mental disability. See Rule 1.14. When the client is an organization or group, it is often impossible or inappropriate to inform every one of its members about its legal affairs; ordinarily, the lawyer should address communications to the appropriate officials of the organization. See Rule 1.13. Where many routine matters are involved, a system of limited or occasional reporting may be arranged with the client. Practical exigency may also require a lawyer to act for a client without prior consultation.

### Withholding Information

[4] Rules or court orders governing litigation may provide that information supplied to a lawyer may not be disclosed to the client. Rule 3.4(e) directs compliance with such rules or orders.

[Comment amended effective November 18, 1994.]

### Hawai'i Code Comparison

Rule 1.4 has no direct counterpart in the Disciplinary Rules of the Hawai'i Code. DR 6–101(A)(3) provided that a lawyer shall not "[n]eglect a legal matter entrusted to [the lawyer]." DR 9–102(B)(1) provided that a lawyer shall "[p]romptly notify a client of the receipt of his [or her] funds, securities, or other properties." EC 7–8 stated that a lawyer "should exert his [or her] best efforts to insure that decisions of [the lawyer's] client are made only after the client has been informed of relevant considerations." EC 9–2 stated that "a lawyer should fully and promptly inform [the lawyer's] client of material developments in the matters being handled for the client."

## RULE 1.5  FEES

(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;

(8) whether the fee is fixed or contingent, and in contingency fee cases the risk of no recovery and the

TAPAOAN v. CAYETANO SETTLEMENT FUND
CLASS NOTICE & ADMINISTRATION
P.O. BOX 3373
HONOLULU, HAWAI`I 96801-3373
E-MAIL: claims@hawaii.rr.com

APRIL 28, 2005

Mr. Marty J. Martins
SID # A1027212
Halawa Correctional Facility
99-902 Moanalua Road
Aiea, Hawaii 96701

Dear Mr. Martins:

This will acknowledge receipt on April 25, 2005 of your letter to me dated April 21, 2005, asking numerous questions and requesting information. I trust that by now you have received a copy of the Notice of Class Action and Proposed Settlement document and the Class Action Claim form which were mailed to you at the above address last week? Those documents and the enclosed copy of the parties Settlement Agreement will provide answers to most of your requests, at least to the extent that such information is known to or available to me as Claims Administrator. The plaintiffs and their ACLU lawyers held a press conference on February 10, 2005 which was reported on television and in *the Honolulu Advertiser* as you may have seen at the time. A copy of that *Advertiser* front page article is also enclosed for your information and reference.

To briefly summarize, in answer to your several questions about the claims and payment determination process, the amounts that Class Members, including named Class Members are to receive is determined only by the process set forth in the attached documents. There are no separate or secret payments. The records that the State produced in discovery in this case indicate that there are about 2,200 possible claims. Because some of those names appear more than once, some persons having been incarcerated and possibly over-detained or illegally searched more than once, the actual number of individual, distinct persons who constitute the class has not been determined. Nor can the numbers of persons who may identify themselves as falling within the definition of the Class but who are not on the list provided by the State be "anticipated" by me. I will decide the claims of all who file a claim form.

I have insufficient information to comment on whether or not "the ACLU or other attorneys ... investigated whether ... inmates may have been intentionally singled out and wrongfully detained for biased reasons ... [or] because they had retained an attorney, ... or because they were 'local' or not." You need to ask the Federal Court should you wish to review the names of actual or

TAPAOAN V. CAYETANO SETTLEMENT FUND  April 28, 2005
CLASS NOTICE & ADMINISTRATION  Page 2

potential/anticipated Class Members in order to review the ethnic and/or national origin of those names. I do not believe I can or should disclose that personal information without a court order.

As to your final questions, the disposition of any monies "left over" is set forth in the attached Settlement Agreement document. In closing, I would remind you, as set forth in the attached Notice, that your options to be bound or excluded from the Class and to make objections to the Court are due by May 17, 2005 as set forth.

Very truly yours,


Claims Administrator

Attachment
cc:  Mark Davis, Esq., and Susan Dorsey, Esq., ACLU Plaintiff Attorneys
     Kendal Moser, Deputy Attorney General, for Defendants