IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| GREGORY TAPAOAN; MICHAEL MARS; PEDRO RIBERIO; JOHN L. LEVAN; FLOYD SANTOS; FLOYD SYLVESTER; LEO TOILOLO; JOSE BACDAD; and GEORGE RABAGO,<br><br>            Plaintiffs,<br><br>    vs.<br><br>LINDA LINGLE, in her official capacity, et al.,<br><br>            Defendants.____ | ) CIVIL NO. 01-00815 DAE LEK<br>) (Class Action; Injunctions)<br>)<br>) MEMORANDUM IN SUPPORT<br>) OF MOTION<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM IN SUPPORT OF MOTION**

Plaintiffs hereby seek on Order allowing the claims administrator the discretion to pay the named Plaintiffs in the above-entitled case an award from the existing class fund for serving as such.  At least three reasons in this case justify a higher award: (1) the named Plaintiffs were not included in the privacy interests that precipitated filing the claims administration report under seal; (2) the named Plaintiffs provided services that absent class members did not; and (3) there is no risk that the additional payment served as any kind of incentive following the protracted negotiation phase of the settlement.  Also importantly, any award does

not come at the expense of other class members who did not see a reduction in their pro rata share. Also, such an award does not affect Defendants' interests at this stage, *i.e.*, the money will come from residual funds and does not require anything beyond the terms of the existing settlement in this case.

Several courts in other jurisdictions, recognizing the benefits of class actions, have awarded compensation to class representatives solely for the trouble and expense of serving as such. For example, being subjected to harassment and embarrassment and being required to turn over their financial information, reviewing records in the case, reviewing and commenting on pleadings, responding to written discovery and giving assistance to counsel. *See, e.g., Thornton v. E. Tex. Motor Freight*, 497 F.2d 420 (6th Cir. 1974) (approving granting earlier seniority to those class members who protested and helped end discriminatory employment policy); *Bryan v. Pittsburgh Plate Glass Co.*, 59 F.R.D. 616, 617 (W.D. Pa. 1973) (approving special awards to those members of the plaintiff class who were most active in the prosecution of the case and who devoted substantial time and expense on behalf of the class), *aff'd*, 494 F.2d 799 (3rd Cir. 1974). "Courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Perry v. Fleet Boston Fin. Corp.*, 229 F.R.D. 105 (E.D. Pa. 2005); *Pekarsky v. Ariyoshi*, 695 F.2d 352 (9th Cir. 1982); *Atchison et al v. Oahu*

*Construction et al*, Civil no. 93-4360-11; *In re S. Ohio Correctional Facility*, 175 F.R.D. 270, 272 (S.D. Ohio 1977). A number of other courts have also have approved incentive awards to the named plaintiffs solely for serving the public interest by bringing a class action, the awards ranging from $500.00 to $5,000.00. *Cook v. Niedert*, 142 F.3d 1004, 1116 (7th Cir. 1998) (incentive award of $25,000 for named plaintiff); *Sylvester v. Cigna Corp.*, 369 F.Supp. 2d 34 (D. Me. 2005); *In re Immunex Sec. Litig.*, 864 F.Supp. 142 (W.D. Wash. 1994) (eleven named plaintiffs shared $25,000); *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366 (S. D. Ohio); (various incentive awards to named plaintiffs, highest individual award $55,000); *In re GNC Shareholder Litig.*, 668 F. Supp. 450, 451 (W.D. Pa. 1987); *Troncelliti v. Minolta Corp.*, 666 F.Supp. 750, 752 (D. Md. 1987); *In re Jackson Lockdown/MCO Cases*, 107 F.R.D. 703, 709-10 (E.D. Mich.); *GMAC Mortgage Corp. v. Stapleton*, 236 Ill. App. 3d 486, 603 N.E.2d 767, 776 (1992).

The named Plaintiffs in this case acted in the public interest by initially complaining about the alleged conduct of Defendants whom they asserted subjected them to over-detention when they were entitled to release and/or illegal strip search. By their willingness to initially step forward, the named Plaintiffs allowed for the resolution of the injunctive relief claims and eventually helped to establish specific provisions designed to end unconstitutional policies and

practices. The named Plaintiffs provided services and assistance to class counsel. Additionally, the named Plaintiffs did not benefit from the privacy protections afforded to class members and have therefore endured the trouble of serving as such, including being subjected to harassment and embarrassment.

For those reasons set forth above, Class Counsel respectfully request that the Court Order that the Claims Administrator has the discretion to award the named Plaintiffs an amount between $500.00 and $5,000.00 based on the time and participation they contributed in prosecuting the claims of class members.

DATED: Honolulu, Hawai`i, January 25, 2007.

/S/ STANLEY E. LEVIN

_____
SUSAN K. DORSEY
MARK S. DAVIS
STANLEY E. LEVIN
MICHAEL K. LIVINGSTON

Attorneys for Plaintiffs

4