ω̇ lek

ORIGINAL

MARK J. BENNETT      2672
Attorney General of Hawaii

CARON M. INAGAKI     3835
KENDALL J. MOSER     6515
Deputy Attorneys General
Department of the Attorney
  General, State of Hawaii
425 Queen Street
Honolulu, Hawaii  96813
Telephone:  (808) 586-1494
Facsimile:  (808) 586-1369
E-mail:  Caron.M.Inagaki@hawaii.gov
E-mail:  Kendall.J.Moser@hawaii.gov

Attorneys for Defendants
BENJAMIN CAYETANO, TED
SAKAI, ED SHIMODA, F. CAPPY
CAMINOS, CLAYTON FRANK,
BERYL IRAMINA, NEAL
WAGATSUMA, and ALBERT
MURASHIGE, in their official
capacities

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 1 4 2007

at 8 o'clock and 40 min. M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GREGORY TAPAOAN; MICHAEL MARS; PEDRO RIBERIO; JOHN L. LEVAN; FLOYD SANTOS; FLOYD SYLVESTER; LEO T. TOILOLO; JOSE BACDAD; and GEORGE RABAGO,<br><br>Plaintiffs,<br><br>vs.<br><br>BENJAMIN CAYETANO, in his | CIVIL NO. 01-00815 DAE-LEK (Class Action; Injunctions)<br><br>DEFENDANTS BENJAMIN CAYETANO, TED SAKAI, ED SHIMODA, F. CAPPY CAMINOS, CLAYTON FRANK, BERYL IRAMINA, NEAL WAGATSUMA, AND ALBERT MURASHIGE'S, in their official capacities, MEMORANDUM IN OPPOSITION TO CLASS COUNSEL'S MOTION |

official capacity; TED SAKAI, in his )   FOR AWARD FOR NAMED
official and individual capacity; ED )   PLAINTIFFS; DECLARATION OF
SHIMODA, in his official and )   KENDALL J. MOSER; EXHIBIT
individual capacity; F. CAPPY )   "A"; CERTIFICATE OF SERVICE
CAMINOS, in his official and )
individual capacity; CLAYTON )   Non-Hearing Motion
FRANK, in his official and individual )
capacity; BERYL IRAMINA, in her )
official and individual capacity; NEAL )
WAGATSUMA in his official and )
individual capacity; and ALBERT )
MURASHIGE, in his official and )
individual capacity, )
                                                        )
                         Defendants. )
_____ )
                                                        )

## DEFENDANTS BENJAMIN CAYETANO, TED SAKAI, ED SHIMODA, F. CAPPY CAMINOS, CLAYTON FRANK, BERYL IRAMINA, NEAL WAGATSUMA, AND ALBERT MURASHIGE'S, in their official capacities, MEMORANDUM IN OPPOSITION TO CLASS COUNSEL'S MOTION FOR AWARD FOR NAMED PLAINTIFFS

Defendants Benjamin Cayetano, Ted Sakai, Ed Shimoda, F. Cappy

Caminos, Clayton Frank, Beryl Iramina, Neal Wagatsuma, and Albert Murashige,

in their official capacities ("Defendants"), by and through their attorneys, Mark J.

Bennett, Attorney General of Hawaii, and Caron M. Inagaki and Kendall J. Moser,

Deputy Attorneys General, hereby submit their opposition to Class Counsel's

Motion for Award for Named Plaintiffs, filed on January 25, 2007.

I.      DEFENDANTS' POSITION

A comprehensive recitation of the settlement history of this case is contained in the Magistrate Judge's Findings and Recommendation to Grant Joint Motion for Final Approval of Settlement and Plaintiffs' Motion for Approval of Plan of Allocation, filed on August 30, 2005 ("the F & R"), especially at pages 2 – 5. As noted therein, the parties agreed to settle this case in September 2003. After 13 months of drafts and redrafts, the parties entered into a written Settlement Agreement on October 28, 2004.[1] The distribution of the settlement funds is summarized on pages 4 – 5 of the F & R.

Now, by motion filed in *2007*, and after the Magistrate Judge's approval of the Claims Administrator's Plan of Allocation (see Order entered on January 3, 2007), Class Counsel wish to change the parties' agreement by altering the distribution of the settlement funds. Defendants strongly oppose the instant motion.

As set out on page 5 of the F & R, the parties agreed in 2004 that "[t]he maximum a class member may receive is $1,000 per day of over-detention and $3,000 for being subjected to one or more illegal searches during over-detention." The Magistrate Judge found further that "Plaintiffs' counsel believe

---

[1] Class Counsel themselves refer to the negotiation phase of the settlement as "protracted". See memorandum in support of motion at page 1.

that the proposed allocation is fair, reasonable, and adequate" and that "Plaintiffs'

counsel also believe that it is an equitable distribution among the class members."

Id. Apparently, Plaintiffs' counsel have changed their minds.

As support for their motion, Class Counsel cite a number of cases

which purport to hold that "being subjected to harassment and embarrassment and

being required to turn over their financial information, reviewing records in the

case, reviewing and commenting on pleadings, responding to written discovery and

giving assistance to counsel" entitles the named Plaintiffs to more money than the

amount previously agreed to and which Class Counsel heretofore felt was fair,

reasonable, adequate, etc. See memorandum in support of motion at pages 2 – 4.

The authorities cited are inapplicable. Defendants did not: 1) harass or embarrass

the named Plaintiffs; 2) require them to turn over financial information; 3)

propound written discovery to the named Plaintiffs; or 4) even conduct their oral

depositions. It cannot be said that the named Plaintiffs devoted substantial time

and expense on behalf of the class or incurred any risks. At best, the named

Plaintiffs are figureheads only.

Class Counsel state that they bring the instant motion only after being

"unable to obtain a stipulation from Defendants for a modest award despite

repeated attempts." In fact, the first time such a request was made was on

December 19, 2006 when Plaintiffs' counsel Susan Dorsey called to inquire into

the Defendants' position on additional money for the named Plaintiffs. The next day, Defendants' counsel Kendall Moser left a voice mail on Ms. Dorsey's cell phone indicating that after conferring with co-counsel, it was decided that the Defendants would not so stipulate. A printout of a January 2007 e-mail exchange on this topic between Ms. Dorsey and Defendants' counsel is attached as Exhibit "A" to the Declaration of Kendall J. Moser.

Finally, although it may be accurate for Class Counsel to represent that any award to the named Plaintiffs does not come at the expense of other class members, such an award has to come from somewhere. Specifically, the cy pres fund at the William S. Richardson School of Law would be reduced by any award of additional funds the Claims Administrator may make to the named Plaintiffs. This was not the parties' agreement. As set out in Exhibit "A", December 19, 2006 was not the right time to first raise this issue. It is everlastingly too late to now ask this Court to go back and change the parties' 2004 Settlement Agreement.

Accordingly, Defendants respectfully request that Class Counsel's motion be denied.

II.     CONCLUSION

Based on the above-stated reasons, Defendants respectfully request that Class Counsel's motion be denied.

DATED:  Honolulu, Hawaii, February  14 , 2007.

STATE OF HAWAII

MARK J. BENNETT
Attorney General
State of Hawaii

CARON M. INAGAKI
KENDALL J. MOSER
Deputy Attorneys General

Attorneys for Defendants
BENJAMIN CAYETANO, TED
SAKAI, ED SHIMODA, F. CAPPY
CAMINOS, CLAYTON FRANK,
BERYL IRAMINA, NEAL
WAGATSUMA, and ALBERT
MURASHIGE, in their official
capacities